LEWIS et al. v. BURROW et al.—127 S. W. (2d) 795.

Eastern Section. March 8, 1939.

Petition for Certiorari denied by Supreme Court April 14, 1939.*

*Note: The Supreme Court held that the Court of Appeals' order granting the writ of **supersedeas** was interlocutory and its jurisdiction to review only extended to final decrees of the Court of Appeals citing Code 1932, sec. 10629 and First Nat. Bank of Greenwood v. Bank of Clarksville, 158 Tenn. 50, 12 S. W. (2d) 528.

Burrow & Burrow, of Bristol, for petitioner.
Hal H. Haynes, Sr., of Bristol, for respondent.

PORTRUM, J. On January 14, 1939, J. P. Lockett, a wealthy man, age 91 years died at his residence in Bristol, Tenn. He left no descendants. Two days before his death he executed his will, directing the payment of his debts, and willing the balance of his estate to his friend for many years, James Preston Lockett, and his minor daughter, Mrs. Mary C. Whicker, to be divided equally.· He nominated Robert Burrow, Jr., as the executor upon the execution of the prescribed bond.

In ignorance of the· will one of the next of kin applied to the clerk and was appointed as administrator of the estate, but the appointment was not approved by the county judge and the Clerk's order did not reach the record, so upon the producing of the will the order appointing an administrator was vacated. Having learned of the will before its probate the parties desired to institute immediately a contest, and a petition of contest was prepared and sent to the Clerk with a letter of direction stating in part, as follows:

"What we wish to do and what I am sure that we have the right to do, is to have filed our petition for contest immediately after you admit the will to probate in common form, if you should find that they can sufficiently prove its execution for that kind of a probate; and whenever it may be so probated and our petition for contest is filed as requested, if you or Judge Bandy should have any doubt about ·our position with regard to its effect upon the right of the executor ·named in this alleged will to take possession of the property, then

we should both have the opportunity of appearing before Judge Bandy and discussing that question. Our position is that the will being contested, such contest suspends the will so far as the executor named in the will is concerned, . . ." On January 21, the will was probated and the executor qualified by giving bond fixed finally at fifty thousand dollars. On the same day the petition of contest was filed as requested. The petition made no charge as to the qualification or the fitness of the executor to serve; the position taken is that the contest suspends the will and the suspension vacates the right of the executor to serve pending the final adjudication. To fill this vacancy the petition prayed for the appointment of an administrator ad litem, but the officer intended and finally applied for was an administrator pendente lite.

The proponents plead, raising among other issues the right of the contestants to contest, denying that they were the heirs at law or next of kin. Pending the disposition of this issue the contest was not certified to the Circuit Court for trial upon the contest, and the case is now pending in the County Court.

Upon application the county judge sustained the position of the contestants that the filing of the contest without more suspended the will and the right of the executor to serve during the suspension, and to fill the vacancy created by the contest he appointed Charles H. Masengill as administrator pendente lite under authority of section 8154 of the Code. Masengill then qualified by giving bond in the sum of fifty thousand dollars. It was ordered that the executor turn over the estate.

 There can be no appeal or writ of error from this order for two reasons, (1) it is interlocutory, and (2) it is a temporary appointment and to vacate the same by an appeal would destroy the power to make the appointment. McClanahan v. McClanahan, 59 Tenn. (12 Heisk.), 379. The writ of supersedeas is the only remedy available to obtain a review, and then only where the Court is acting illegally or in excess of its jurisdiction. Gilbreath v. Willett, 148 Tenn., 92, 251 S. W., 910, 28 A. L. R., 1147. "The supersedeas, when granted [does not remove the case from the inferior court, it], merely suspends the operation of the [judgment or] decree until a final hearing, but does not reverse it. . . . If the [judgment or] decree is one which is of a nature to be actively enforced against a party, then it may be superseded; proceedings under it may be stayed. . . ." Howell v. Thompson, 130 Tenn., 311, 170 S. W., 253, 254.

 The terms "acting illegally or in excess of the jurisdiction conferred" is defined to mean the same thing. That " 'excess of jurisdiction,' as distinguished from absence of jurisdiction, means that an act, though within the general powers of the tribunal, is not authorized and invalid, because the conditions which alone authorize the exercise of the general power in respect of it are wanting . . ." Conners v. Knoxville, 136 Tenn., 428, 189 S. W., 870, 871.

The executor, Burrow, finding himself suspended and in effect temporarily removed from his office, filed a writ of certiorari and supersedeas and applied to the Circuit Judge in Chambers for the issuance of the writs to vacate the order of the county judge appointing an administrator pendente lite. The application was made in vacation and denied. The judge in lieu of a fiat signed an order and directed its entry upon the minutes of his Court at its next term. The judge had authority to order the issuance of the writs in vacation or in term time, and in either event his order is interlocutory and not a final order from which an appeal will lie to this Court. The judge denied the writs because he recites he had no jurisdiction in the matter, and that the county judge properly appointed an administrator pendente lite.

To supersede the orders, both of the circuit judge and the county judge, a petition was presented to a member of this court seeking writs of certiorari and supersedeas, and by him transferred to be heard by the whole court. This court assumes jurisdiction on the theory that if the county judge enter a void order which he is attempting to execute, and when the circuit judge—to whom the case is first appealable—fails to supersede it, his order denying the relief is as affirmative as the county judge's in that it authorizes the enforcement of a void order, and, therefore, this court can entertain the petition.

We come now to the question: Did the county judge exceed his jurisdiction in suspending or temporarily removing the executor and ordering him to turn over the assets of the estate?

The office of administrator pendente lite is of common law origin; it has long been recognized that a probate court could appoint an administrator pendente lite when a person died intestate and no one had qualified as a general administrator, or in case of a contest over the right to administer. This power is inherent in probate courts. McArthur v. Scott, 113 U. S., 340, 5 S. Ct., 652, 28 L. Ed., 1015; McNoiry v. Bell, 14 Tenn. (6 Yerg.), 302; Jordan v. Polk, 33 Tenn. (1 Sneed), 430.

But the right was not so clear where the person left a will naming an executor. "It was not until after much controversy and some conflicting decisions, that it was settled that such an administration could be granted pending a controversy about a will." Satterwhite v. Carson, 25 N. C., 549. This controversy, no doubt, was set at rest in this state by the passage of the act of 1859-60 codified as section 8154, reading as follows:

"Administrator pendente lite, when.—The county or probate judges and the chairman of county courts are authorized to appoint an administrator pendente lite in any case which may arise in their respective courts where any will may be the subject of contest or litigation."

This act confers the same power on probate judges in will

cases as in others without reference to whether the deceased left a will or died intestate. So in construing the act the power exercised by the probate judge prior to the act should be looked to and ascertained to measure the power intended to be conferred by the act.

██ ██ The act has been construed several times by the Supreme Court but the question presented here has not been directly passed upon. That is the identical question was not at issue. It is held that the duty of this officer of the court is to hold the property until the suit terminates, and then to pay over all he has received; he may collect effects, but can neither vest nor distribute them. Houston v. Houston, 22 Tenn. (3 Humph.), 652. The purpose of the appointment is to preserve the personal property during a contest for the right to administer the estate, in the absence of a widow, who has the right to preserve the property pending the appointment. Crozier v. Goodwin, 69 Tenn (1 Lea), 368.

The most recent is Phillips v. Bass, 163 Tenn., 615-620, 45 S. W. (2d), 56, 57, where the Court said:

"Construing the above provision of the Code, this court has held that its purpose is to preserve the estate where a will contest is pending and no regular administrator has been appointed, or where there is a contest pending as to the appointment of an administrator."

In the case the court quoted with approval from Edmondson v. Carroll, 34 Tenn. (2 Sneed.), 678, as follows:

"The validity then, of a probate in common form, is only revoked by the final decision of the issue 'will or no will' for the contestants. Until that time, it is only suspended, and that merely as to rights under will. The executor or administrator, with the will annexed, to whom letters have been issued, under the original probate, is not relieved from his duties and responsibilities, or denuded of his powers, except so far as rights under the will are concerned."

The court concluded in the Phillips-Bass case there was no necessity for an administrator pendente lite since there was a general administratrix, and that she should have been removed before a special administrator would be appointed. Of course this statement must have contemplated her removal for cause as in the case of the removal of a general administrator. This is the construction placed upon the act by the profession since its passage in 1859, since the question never has arisen directly before.

This interpretation of the Statute conforms to majority opinion upon similar Statutes and the common law.

██ There must be a contest as to the right to administer the estate or the executorship in order to authorize the appointment of an administrator pendente lite. Munnikhuysen v. Magraw, 57 Md., 172; South Brooklyn Saw-Mill Co. v. Dock, 3 Dem. Sur. (N. Y.), 55. Patton's Appeal, 31 Pa., 465; Steen v. Springfield, 91 Ark., 73, 120 S. W., 408; McClure v. Allphin, 19 Ky. Law Rep., 576, 41 S. W.,

1; Grill v. O'Dell, 111 Md., 64, 73 A., 876. The appointment is not authorized where the executor, prior to probate, contested the appointment of a general administrator. Turley v. Evins, 109 Ark., 115, 158 S. W., 1080.

We conclude that the holdings of this and other states supports the conclusion that the probate judge is authorized to appoint an administrator pendente lite only when the right of the person to administer is in contest, or the person applying is disqualified or unfit to serve, or no one applies.

The pleading in the will contest asks for the suspension or temporary removal of the executor and the appointment of an administrator pendente lite solely upon the ground that the will is in contest. There is no charge the executor is disqualified or unfit and that anyone is contesting the right to administer. And furthermore there was no proof introduced. An adjudication without pleading and proof to support it is void. A receiver cannot be appointed in the absence of pleading and proof. For the reasons stated this court is of the opinion that the appointment of the administrator pendente lite is void and should be superseded and vacated, and the regular executor restored to his powers and the custody of the assets of the estate.

A decree of this court will be entered granting the writs prayed, the order vacated and an order of restitution made. A remand will be had to the county court in order that the contest may proceed and the estate administered pending the contest, but not administered so as to effect the rights of the contestants in the event they are successful.

The clerk of this court will stay the issuance of these writs for a period of thirty days to permit the contestants to protect their interests pending a review of the decision of this court. The cost of these writs is taxed against the contestants.

Ailor and McAmis, JJ., concur.