BOARD OF EDUCATION OF the GREEN MOUNTAIN INDEPENDENT SCHOOL DISTRICT, Richard Rasmussen and Robert Hilsabeck, Appellants,

v.

IOWA STATE BOARD OF PUBLIC INSTRUCTION, Appellee.

No. 52870.

Supreme Court of Iowa.

April 9, 1968.

Haupert, Robertson & Johnson, and Mote, Wilson & Welp, Marshalltown, for appellants.

David B. Hendrickson, and Elizabeth Nolan, Asst. Attys. Gen., Des Moines, for appellee.

LeGRAND, Justice.

We are required by this appeal to determine the propriety of certain acts of defendant in connection with proceedings affecting Marion Independent School District # 4, Green Mountain Independent School District, and Marshalltown Independent School District, all in Marshall County, Iowa. The governing statute is 275.1, Code, 1966, the pertinent part of which provides, " * * * It is further declared to be the policy of the state that all the area of the state shall be in a district maintaining twelve grades by July 1, 1966. If any area of the state is not a part of such a district by April 1, 1966, or is not included in a reorganization petition filed in accordance with section 275.12 on or before April 1, 1966, the area shall be attached by the county board of education to a district, or districts maintaining twelve grades, such attachment to become effective July 1, 1966, and provided such attachment has the approval of the state board of public instruction. Any such district or part thereof attached by the county board of education, with the approval of the state board of public instruction, shall have the right to appeal this attachment to a court of record in the county in which said district or part thereof is located within twenty (20) days after the date of the approval by the state board of public instruction."

Prior to April 1, 1966 an attempt to merge the Marion district with the Marshalltown district as provided in chapter 275 had failed, and on that date the Marion district neither maintained 12 grades, nor was it included as part of any reorganization petition filed under section 275.12, Code, 1966. It was therefore within the

statutory directive requiring the Marshall County Board of Education to attach it to a 12-grade district by July 1, 1966. The parties have been unable to agree which district that shall be, Green Mountain Independent School District or Marshalltown Independent School District. Pending the outcome of this appeal, it stands attached to Marshalltown Independent School District.

For convenience the school districts involved are hereafter referred to simply as Marion, Green Mountain, and Marshalltown.

 I. Plaintiffs brought this district court action in certiorari to challenge the legality of defendant's order of June 28, 1966, rescinding its previous order of June 16, 1966. The June 16th order approved attachment of Marion to Green Mountain; the June 28th order withdrew that approval. Plaintiffs attack both the authority of defendant to take this action and the manner in which it did so. The district court found against plaintiffs and dismissed their petition. If defendant had jurisdiction and did not exceed its statutory power, the trial court must be affirmed. The function of certiorari is to test the authority of an inferior tribunal, not the correctness of its findings. Rule 306, Rules of Civil Procedure; Hohl v. Board of Education, 250 Iowa 502, 508, 94 N.W.2d 787; Iowa-Illinois Gas & Electric Company v. Gaffney, 256 Iowa 1029, 1041, 129 N.W.2d 832. Certiorari is a law action and this appeal is not de novo. We are bound by the trial court's findings if they have substantial support in the evidence. Rule 318, Rules of Civil Procedure; 14 C.J.S. Certiorari § 172, p. 311; Grant v. Norris, 249 Iowa 236, 253, 85 N.W.2d 261; Hubka v. County Board of Education, 251 Iowa 659, 664, 102 N.W.2d 167; Iowa-Illinois Gas & Electric Company v. Gaffney, supra.

Plaintiffs allege two assignments of error: (1) The defendant's order of June 16, 1966, approving the attachment of Marion to Green Mountain was a finality and defendant had no authority thereafter to rescind it; (2) Even if such authority did exist, defendant acted in such a capricious, arbitrary and illegal manner that its subsequent order of June 28, 1966 is void and cannot stand.

II. Before discussing plaintiffs' first assignment of error, we briefly outline the background of this dispute. Prior to April 1, 1966, a merger of Marion and Marshalltown was attempted under section 275.40, Code, 1966. This merger failed. On April 11, 1966, the Marshall County Board of Education voted to attach part of Marion to Marshalltown, and part to Green Mountain. The defendant, whose approval to any attachment between districts is required by section 275.1, refused to sanction this split plan. Therefore, it too failed On June 14, 1966, the Marshall County Board considered a motion to attach Marion to Marshalltown. This proposal was defeated by a three-to-two vote. It next considered attaching Marion to Green Mountain; this was adopted by a three-to-two vote. On June 16th, acting under the authority of 275.1, defendant approved the attachment of Marion to Green Mountain. However, this by no means ended the matter. Almost immediately defendant had misgivings about its approval. On the very next day a proposal to reconsider barely failed by a four-to-four vote. Then on June 28th, perilously close to the July 1st date upon which the attachment of Marion to Green Mountain would have become effective under section 275.1, defendant rescinded its approval of June 16th and returned the problem to the Marshall County Board of Education "to re-evaluate, reaffirm * * * or re-assign." On June 30th the Marshall County Board of Education, reversing its own June 14th decision, voted unanimously to attach Marion to Marshalltown. There the dispute rests. Pending outcome of this appeal, defendant has neither approved nor disapproved this last attachment resolution.

 The parties agree our determination is not controlled by the statutory provi-

sions relating to mergers or reorganizations. This is a proceeding contesting the attachment of one district to another as provided for under section 275.1. As we point out in Division III, infra, the statutory requirements for attachment are entirely different from those by which mergers and reorganizations are effected.

Although we have considered a seemingly endless stream of cases dealing with school districts, the present cause is unique. We have not heretofore been called upon to decide the precise question it raises.

It is this: Once the defendant approved the attachment of Marion to Green Mountain, on June 16, 1966, did it thereby lose jurisdiction to later withdraw that approval and rescind that order? If so, the subsequent order of June 28, 1966, is a nullity and Marion stands attached to Green Mountain. There is authority permitting either an affirmative or negative answer to this inquiry. An annotation on the subject appears at 73 A.L.R.2d, page 939.

■ Defendant is an administrative body created by statute and enjoys only such powers as the legislature has given it. Brighton Independent School District v. County Board of Education, 252 Iowa 734, 737, 108 N.W.2d 510; Springville Community School District v. Iowa Department of Public Instruction, 252 Iowa 907, 914, 109 N.W.2d 213, and citations.

Those jurisdictions which hold an administrative decision, once made, is final, usually do so on the ground there should be an end to controversy and interested parties, subject only to whatever right of appeal the statute grants, should be able to rely upon the certainty of a formal determination by such body. Annotation, 73 A.L.R.2d 939, 943; Murdock v. Perkins, 219 Ga. 756, 135 S.E.2d 869. However, attention is also called to the dissenting opinion in that case. The opposite view holds the purposes for which the administrative body was created should be protected by the courts, and reconsideration

of prior decisions should be permitted to serve the ends of essential justice and the policy of the law. 2 Am.Jur.2d, Administrative Law, 520–523, page 329; Anchor Casualty Company v. Bongards Co-operative Creamery Association, 253 Minn. 101, 91 N.W.2d 122, 73 A.L.R.2d 933.

Even when a redetermination is permitted, courts usually require that certain circumstances be first shown. A review of authorities assembled in the annotation in 73 A.L.R.2d, supra, discloses one or more of the following are most generally relied on: (1) The original order must not have become final; (2) Rights of interested persons must not have become vested; (3) There must be no statutory prohibition against such reconsideration; and (4) The board making the order must not have lost jurisdiction by reason of appeal from its finding. See also 2 Am.Jur.2d, Administrative Law, sections 520–523, page 329.

It is significant here that *all* these are present. When defendant acted on June 28th, the original order had not yet become effective; no right had become vested and no change of position in reliance thereon is shown; our statute does not prohibit reconsideration of a prior decision; and, the limited right of appeal granted by section 275.1 had not been exercised.

We might mention, too, what little language there is in section 275.1 relative to defendant's approval of attachment proceedings favors the right to reconsider. The statute declared a proposed attachment would become effective July 1, 1966, "provided such attachment *has* the approval of the state board of public instruction." (Emphasis added.) We take this to mean such approval must exist on the date the attachment takes effect. If this be true, it must necessarily follow that approval previously given could be withdrawn prior to July 1. This conclusion is strengthened by Davies v. Monona County Board of Education, 257 Iowa 985, 991, 135 N.W.2d 663, 666, where we tacitly recognized the right of an administrative body

to change its mind when we said, "Nor are we cited to any authority which prevents the board of the high school district involved—in this case Monona—from changing its acceptance of the school district not operating a high school—Castana—*at any time before the merger is approved by the county board.*" (Emphasis added.) In other words, absent statutory interdiction, the Monona Board could reverse its decision until the matter moved up the next rung on the administrative ladder. As applied to the facts here under consideration that statement suggests defendant was justified in altering its position before the controversy passed beyond its control either by appeal, which would deprive it of jurisdiction, or by its failure to act before the effective date of the original order, which would then be a finality except for the right of appeal.

Although not factually in point we repeat what we said in Turnis v. Board of Education, 252 Iowa 922, 938, 109 N.W. 2d 198, 208, "We are inclined to again express the position of this court * * * We believe it our duty to liberally construe the law [chapter 275] with a view to promoting the reorganization of school districts in the state as expressed in the statutes. Technical or fine lines will not be drawn or inferences indulged which would invalidate a reorganized and operating school district such as we have here. On the other hand, all inferences in favor of the legality of official steps will be observed, and only where it clearly appears there was a failure to substantially comply with the statutory requirements will there be found jurisdictional violations."

We reaffirm that statement and find it particularly applicable here. Under the circumstances shown here, we hold defendant had authority to rescind its order of June 16, 1966, and to withdraw its approval of the proposed attachment of Marion to Green Mountain.

III. Having determined that defendant had authority to rescind its order of June 16, 1966, we now consider plaintiffs' second objection attacking the manner in which this was done. Plaintiffs criticize the action of defendant as being arbitrary and capricious. They claim such action is void because defendant based its decision on new facts and evidence heard ex parte and without notice to plaintiffs, who were afforded no opportunity to explain, rebut, or cross-examine in regard to such new evidence. Plaintiffs rely strongly upon In re Lone Tree Community School District, Iowa, 150 N.W.2d 637. We agree with the views expressed there, but we do not consider them controlling here. As plaintiffs themselves have been careful to point out, we are dealing with a school attachment under the authority of section 275.1. The Lone Tree case was a reorganization matter involving merger. The difference lies in the statutory procedure which distinguishes one from the other.

Attachment under 275.1 was a last-ditch method of complying with the legislative mandate that every area of the state be included within a 12-grade district by July 1, 1966. It was resorted to only after all else had failed to accomplish that end. Certainly it must be conceded the interested parties had tried diligently to find some other way to resolve their differences. Agreement was impossible; apparently it still is. Only by exercising the broad power which 275.1 vested in the County Board of Education did Marion become part of a 12-grade district before the statutory deadline.

In Lone Tree we held the State Board of Public Instruction had acted illegally, capriciously and unreasonably in conducting its own out-of-court survey subsequent to a *public hearing* in connection with a reorganization petition. We held this action deprived the parties of the fundamental right to present their views and to make objection to evidence offered in opposition thereto. We reversed on this basis. We reiterate when a hearing is provided for, it must be conducted in a way to

safeguard the rights of those parties who have an interest therein. 2 Am.Jur.2d, Administrative Law, section 398, page 203. The difficulty confronting plaintiffs, however, is that section 275.1 permits attachment to be accomplished *without notice or hearing*.

Although various sections of chapter 275 provide for notice, hearings, elections and filing of objections with reference to reorganizations and mergers, none of these procedural safeguards is provided in section 275.1 dealing with attachments by the County Board of Education. If the legislature had the power to authorize such action without notice of hearing, decisions dealing with the manner in which hearings, if required, must be conducted have no application. The question before us, therefore, is not whether this case follows the rules set out in the Lone Tree decision, but rather whether the legislature could properly dispense with such requirements. We hold it could.

Unless a statute requires it or unless some constitutional right is transgressed, it is well established administrative bodies may act within the limits of their legislative authority without giving notice or providing a hearing. 2 Am.Jur.2d, Administrative Law, section 403, page 210. We have already mentioned the statute does not require notice or hearing as a condition to approval of an attachment under 275.1, and we have several times held proceedings under chapter 275 involve no constitutional questions which would make notice and hearing mandatory. Wall v. County Board of Education, 249 Iowa 209, 227, 86 N.W.2d 231, 242; Davies v. Monona County Board of Education, 257 Iowa 985, 994, 135 N.W.2d 663, 668 and citations.

It is somewhat ironic that plaintiffs bitterly assail the manner in which the defendant's decision of June 28th was reached while at the same time relying strongly upon the validity of defendant's order of June 16th, which was arrived at by the same method plaintiffs here criticize. Each was made without notice or hearing. As the trial court pointed out, if defendant could reach its original determination without notice or hearing, then it could likewise rescind its finding without those formalities.

We find no merit in plaintiffs' claim that defendant based its order of June 28th on "new evidence." True, defendant received complaints from some of those who were disappointed by the attachment of Marion to Green Mountain. However, it also heard from some of those who approved of this action, including at least one of the plaintiffs. We venture the opinion it is not unusual, particularly in school controversies, for interested persons to communicate to administrative bodies dissatisfaction over decisions reached. We fear plaintiffs place unwarranted emphasis on this practice.

We have not overlooked plaintiffs' argument that defendant's action in reality is the exercise of appellate jurisdiction when none in fact exists. We do not so consider it. It was, purely and simply, a change of heart exercised promptly in substantial compliance with its statutory authority and before the rights of any interested party had been adversely affected. Perhaps the necessity for such reconsideration is more readily apparent when one considers the harassed defendant was required, between April 29, 1966 and July 15, 1966, to consider and act upon 683 attachment proceedings. To require that each should immediately become a final and conclusive determination under all circumstances would be to impose upon defendant a burden which is both unwarranted and unnecessary.

We find ample evidence to support the findings of the trial court. The judgment should be affirmed.

Affirmed.

All Justices concur.