ZWINGLE INDEPENDENT SCHOOL
DISTRICT, Appellee,

v.

STATE BOARD OF PUBLIC INSTRUC-
TION for the State of Iowa, State Depart-
ment of Public Instruction for the State of
Iowa, and Paul F. Johnston, Appellants.

OTTER CREEK TOWNSHIP SCHOOL
DISTRICT, Appellee,

v.

STATE BOARD OF PUBLIC INSTRUC-
TION for the State of Iowa, State De-
partment of Public Instruction for the
State of Iowa, and Paul F. Johnston, Ap-
pellants.

No. 52855.

Supreme Court of Iowa.

July 18, 1968.

Richard C. Turner, Atty. Gen., and Elizabeth A. Nolan, Asst. Atty. Gen., for appellants.

Gilloon, Klauer, Stapleton & Ernst, Dubuque, for appellees.

LeGRAND, Justice.

These two cases were consolidated for trial. They present identical issues on this appeal. At stake is whether Zwingle Independent School District (hereafter called Zwingle) and Otter Creek Township School District (hereafter called Otter Creek) shall be merged with Dubuque Community School District under the provisions of section 275.40, Code of Iowa, 1962, as amended.

Such a plan was submitted to and approved by the Board of, Directors of Dubuque Community School District and by Dubuque County Board of Education. Zwingle lies partly in Dubuque County and partly in Jackson County. Otter Creek lies completely in Jackson County. The Jackson County Board of Education objected to such merger and thereafter the State Board of Public Instruction (hereafter called Board) disapproved the proposed merger, basing such action largely on the recommendation of the defendant, Paul F. Johnston, who is Superintendent of Public Instruction of the State of Iowa. Such disapproval prevented completion of the merger under section 275.40, Code of Iowa.

Zwingle and Otter Creek brought certiorari proceedings in Dubuque District Court assailing the actions of the Superintendent and the Board, and the trial court sustained the writ finding the conduct of both to be "arbitrary and unreasonable and in excess of their respective jurisdictions." The trial court's judgment further ordered the Board to "proceed to determine the controversy raised by the proposed merger after a full and fair hearing."

Although the State Department of Public Instruction is named as a separate defendant, neither the trial court's findings of fact nor conclusions of law make any reference to the State Department of Public Instruction as distinct from the State Board of Public Instruction. The action was tried and decided as being against the State Board of Public Instruction and Paul F. Johnston, the Superintendent of Public Instruction. We therefore consider this matter as though the Board and the Superintendent were the only named defendants.

This is the second time the problems of Zwingle and Otter Creek have been before us, although the first appeal did not involve those issues which now present themselves. See LaMotte Independent School District et al. v. Jackson County Board of Education, Iowa, 155 N.W.2d 423.

In 1958 the Jackson County Board of Education and Dubuque County Board of Education adopted a tentative joint county plan under section 275.5, Code of Iowa, 1958. This plan remained in effect until February, 1966, when more than 20 percent of the qualified voters of Zwingle and, in a separate proceeding, more than 20 percent of the qualified voters of Otter Creek peti-

tioned for merger with Dubuque Community School District pursuant to section 275.40, Code of Iowa, 1962, as amended. Each proposed merger was approved by the Board of Directors of Dubuque Community School District and by the Dubuque County Board of Education. All procedural requirements of section 275.40, Code, were complied with.

As permitted by this section and within the time allowed, the Jackson County Board of Education filed notice with the Department of Public Instruction stating a controversy existed over the county plans and objecting to the proposed mergers. Under these circumstances section 275.40, Code, requires the approval of the Board before the plan may be completed.

At the request of the Superintendent, all records pertaining to the proposed merger were certified to his office by Dubuque County Board of Education. The Superintendent notified all interested parties a hearing on the objections would be held at his office on a specified date. Thereafter a hearing, which the trial court refers to as a "proceeding", was held before the Superintendent and two members of his staff. The only information considered was that contained in the files certified to the Superintendent from Dubuque County. No record was made of this hearing.

Subsequent thereto the Superintendent filed a written opinion recommending disapproval of each proposed merger. The Board by formal resolution adopted this recommendation and disapproved each merger.

The Board took this action without notice to any interested party of its intention to consider the matter and without giving anyone an opportunity to appear in resistance thereto.

It is this action of the Board, based upon the recommendation of the Superintendent, which the trial court found to be arbitrary and unreasonable and to be without jurisdiction. We quote the following excerpts from the trial court's judgment which show its reasons for such conclusion:

"The first consideration is the legality of the action of the State Board of Public Instruction. No notice was given to anyone of its intention to act on the merger or consider the controversy. No hearing was held. No record of any prior hearing by referral was presented to the Board. It merely approved, in a summary manner, the decision of Mr. Johnston. * * * From the foregoing it appears the routine approval of Mr. Johnston's decision was not the considered judgment required of the Board by section 275.40 but completely arbitrary and not based upon proper consideration. * * *"

It is apparent that the trial court's judgment was based upon two fundamental conclusions: (1) A hearing was required under section 275.40 before the Board could approve or disapprove the merger; and (2) such hearing must be before the whole Board and not before the Superintendent and members of his staff. Before considering these matters we state a few well-established principles concerning certiorari and our review thereof on appeal.

I. Certiorari is permitted under rule 306, Rules of Civil Procedure, to test the jurisdiction of an inferior court or body, or to challenge its action as illegal, arbitrary or capricious. It is not an appeal and may not be used to correct mere errors on the part of the trial court or inferior body. County Board of Education, etc. v. Parker, 242 Iowa 1, 45 N.W.2d 567; Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787; Christopher v. District Court, 255 Iowa 694, 123 N.W.2d 892, 894; Hinrichs v. Iowa State Highway Commission, Iowa, 152 N.W.2d 248; Board of Education of Green Mountain Independent School District v. Iowa State Board of Public Instruction, Iowa, 157 N.W.2d 919.

On appeal from the trial court's judgment here there is no review de novo, rule 318, R.C.P.; 14 C.J.S. Certiorari § 172,

page 311; Lineberger v. Bagley, 231 Iowa 937, 2 N.W.2d 305. Nor may we set aside the findings of fact if they have support in the evidence. We can only determine whether there is substantial evidence to support such findings and whether the trial court applied a proper rule of law. Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261; Iowa-Illinois Gas and Electric Company v. Gaffney, 256 Iowa 1029, 129 N.W. 2d 832; Board of Education of Green Mountain Independent School District v. Iowa State Board of Public Instruction, supra, and citations.

There can be little dispute about the facts in this case. The findings of the trial court have substantial support and we do not disturb them in any way. We are compelled to hold, however, the trial court applied an erroneous rule of law and imposed a duty upon defendants far greater than that which the statute provides for. For this reason we must reverse.

■ II. The trial court's judgment is premised upon its conclusion that the Board must hold a hearing before expressing its approval or disapproval of a proposed merger. Yet section 275.40 contains no such requirement. We have held several times proceedings under some sections of chapter 275 may be had without notice or hearing. Most recently we considered this matter in Board of Education of Green Mountain Independent School District v. Iowa State Board of Public Instruction, supra. As we pointed out there, some sections of chapter 275 require notice and hearing; others do not. When a hearing is provided for, it must be conducted in a way to safeguard the rights of those who have an interest therein. However, it is well established administrative bodies may act within the limits of their legislative authority without giving notice or providing a hearing unless a statute so requires or unless some constitutional right is transgressed thereby. Section 275.40 does not require notice or hearing and, as we have heretofore held, chapter 275 involves no constitutional questions which would make such procedural safeguards mandatory. 2 Am.Jur.2d, Administrative Law, section 403, page 210; Wall v. County Board of Education, 249 Iowa 209, 227, 86 N.W.2d 231, 242; Davies v. Monona County Board of Education, 257 Iowa 985, 994, 135 N.W.2d 663, 668, and citations.

■ We have carefully reviewed the record and the provisions of section 275.40. We find the statute was complied with step-by-step. The section requires neither notice nor hearing. When a controversy is submitted to the Board for approval, the method by which it is to reach its determination is not specified. Here the Board made its decision at a regular meeting by resolution and roll call vote. It had before it the written recommendation of the superintendent and it had available the records of all prior proceeding leading up to the controversy. We must assume it gave such information proper attention. We may not require more of the Board than does the statute. Neither may we disapprove a plan simply because we may feel it to be mistaken or ill-advised. Davies v. Monona County Board of Education, supra, at page 996 of the Iowa Reports, 135 N.W.2d 663. Under somewhat similar circumstances we held in Board of Education, etc. v. Bremen Township Rural Independent School District, 260 Iowa 400, 148 N.W.2d 419, 423, and citations, we would not interfere unless there was a failure to comply with statutory requirements. There was no such failure here. See also In re Durant Community School District, 252 Iowa 237, 248, 106 N.W.2d 670, 678.

III. What we have already said makes it unnecessary to consider the propriety of the hearing held by the Superintendent and two members of his staff. We point out, however, that when a hearing is required, we have approved the Board's policy of delegating that duty to the Superintendent and members of his staff. In re Durant Community School District, 252 Iowa 237, 242, 106 N.W.2d 670, 674, and citations.

We hold defendants acted within their legislative authority. Further we find the trial court reached its conclusion that their actions were "arbitrary and unreasonable" only by requiring compliance with procedural standards in addition to those set out in section 275.40, Code. This was error for which we reverse.

In view of this result we do not consider the other matters raised by defendants on their appeal.

⋅, The judgment is reversed and remanded for entry of judgment annulling the writ in conformance herewith.

Reversed and remanded.

All Justices concur, except BECKER, J., who takes no part.