**EDEN TOWNSHIP SCHOOL DISTRICT and the Board of Directors thereof, Appellees,**

**v.**

**The CARROLL COUNTY BOARD OF EDUCATION, and Warren Conner, J. Harold Rice, Walter Koster, Maurice Campbell, and C. M. Johnson, as Members of said Board, and Lyle Tenold, Secretary thereof, Defendants,**

**Warren Conner, Maurice Campbell and C. M. Johnson, Appellants, Ray Weitl, Intervenor-Appellant.**

**TEMPLETON INDEPENDENT SCHOOL DISTRICT and the Board of Directors thereof, Appellees,**

**v.**

**The CARROLL COUNTY BOARD OF EDUCATION, and Warren Conner, J. Harold Rice, Walter Koster, Maurice Campbell, and C. M. Johnson, as Members of said Board, and Lyle Tenold, Secretary thereof, Defendants,**

**Warren Conner, Maurice Campbell and C. M. Johnson, Appellants, Ray Weitl, Intervenor-Appellant.**

Maurice EICKMAN, et al., Plaintiffs,

v.

**The DISTRICT COURT OF CARROLL COUNTY, Iowa, Honorable A. J. Braginton, Judge, Defendants.**

No. 53986.

Supreme Court of Iowa.

Nov. 10, 1970.

Rehearing Denied Feb. 9, 1971.

Richard H. Crandall, Manning, Bernard L. Willis, Lake City, T. G. Garfield, Ames, for appellants Warren Conner, Maurice Campbell, C. M. Johnson and Ray Weitl, and for plaintiffs in certiorari.

Wunschel & Schechtman, Carroll, for appellees, and for defendants in certiorari.

MASON, Justice.

Two matters involving validity of school attachments made in Carroll county pursuant to chapter 275 Iowa Code, 1966 have been consolidated for review in this court. One relates to the appeals from the Carroll district court's ruling overturning attachments made of two non-high school districts by the Carroll board of education. The district court held the attachments void as arbitrary, capricious, unreasonable and an abuse of discretion. It issued a permanent injunction restraining the board, its members and secretary and the Carroll county auditor from taking any further action in connection with these attachments. The other is original certiorari challenging legality of the court's action in the same litigation.

Reorganization of schools in Carroll county has been going on for many years. Some background of the events leading to the present litigation is appropriate. In 1958 a county plan was adopted by the Carroll county board of education for reorganization of schools within the county. In late 1965 approximately 30 independent school districts in Carroll county were not maintaining high school grades. In the following years many of these districts were attached to districts maintaining 12 grades.

A portion of Eden township had been placed in one of these attachments in the Carroll community school district. Attachments of various other areas in the county during this period to the Carroll community school district were approved by the state board of education. Some proposed attachments to other districts also maintaining 12 grades were disapproved.

In August 1968 the Carroll county board of education pursuant to Code section 275.1 made attachments of the two non-high school districts—the remaining portion of Eden township and Templeton independent —to the Manning community school district which was maintaining 12 grades. After the attachments were approved by the state board of public instruction the Eden and Templeton districts and their boards of directors appealed to the Carroll district court from the action of the county board of education. Defendants were the county board of education, its five members and secretary.

In Eden's appeal to the district court Ray Weitl as a member of the Eden township school district's board of directors intervened allied with the county board and the members thereof and moved to dismiss that appeal on the ground Eden's appeal was illegal and not sanctioned by a properly called special meeting, as he, a board member, did not receive a statutory notice thereof. Weitl's application for separate adjudication of law points under rule 105, Rules of Civil Procedure, was submitted before trial. Evidence was taken in respect to the ground asserted in his petition of intervention. The court ruled his claim was without merit.

The appeals from the attachments were consolidated for trial in the district court resulting in the decree mentioned.

Warren Conner, Maurice Campbell and C. M. Johnson as individual members of the five-man board of education of Carroll county when appeal to the district court was initiated by Eden and Templeton districts and intervenor Weitl appeal to us from the district court's ruling. Appellants assign as errors relied on, with some modification, illegalities of the defendant judge urged as a basis for sustaining the writ in the certiorari proceeding. These will be considered later.

A large number of parties allegedly interested in the controversy together with the Manning community school district and

members of its board of directors petitioned this court for writ of certiorari to review action of the Carroll district court, Judge A. J. Braginton, in holding void attachments made by the county board of education of Eden and Templeton districts to the Manning community school district.

We directed the writ be issued and that the return thereto should also serve as the record on which the appeals of Conner, Campbell, Johnson and Weitl should be submitted to this court. It was also ordered that the printed briefs and arguments in the certiorari proceeding should also serve, so far as applicable, as the briefs and arguments on which their appeals from the judgment of the district court in the consolidated actions should be submitted. Right was granted to any party to supplement the brief and argument in the certiorari proceeding for submission of the appeals from the Carroll district court.

Attachments of other districts in the county made at the same time by the county board of education to the Carroll community district are not involved in either of the matters before us.

I. The Eden and Templeton districts moved to dismiss the appeals to this court from the district court's decree. Their motion is in two divisions. In the first, appellees move to dismiss the appeals of Conner, Campbell and Johnson. In the second, they move to dismiss the appeal of the intervenor Ray Weitl.

We ordered the motion submitted with the appeals.

Although, as pointed out, appellant Conner was a member of the county board of education at the time the appeal to the district court was initiated by appellees, he was not a member at the time the decision was rendered by the district court. The majority of the county board as constituted on the date of the decision voted not to appeal to this court.

In support of their motion appellees assert: (1) appeals by individual members of

a county board of education, as opposed to an appeal by the formal board, are subject to dismissal and (2) an appeal by an intervenor, without appeal by the party to which allied, is subject to dismissal.

Appellees assert in both divisions of their motion neither Weitl, Conner, Campbell nor Johnson are "aggrieved parties" under Code sections 275.34 and 275.8 who could initiate the appeal or appeals to a court of record as provided for in chapter 275 since they do not constitute the board of directors of a school district or a county board of education. They argue if the individual members of the school board are not proper parties to appeal to the district court they cannot be proper parties to appeal the decision of that court to the supreme court.

Section 275.34 provides:

*"Who shall initiate appeal.* The aggrieved party, as defined in section 275.8, shall initiate the appeal or appeals to a court of record, as provided for in this chapter. Nothing herein shall be construed as affecting the rights of any school district, person or persons from bringing or engaging in any action in law or equity now granted or preserved to such school district, person or persons."

In section 275.8 an aggrieved party is defined " * * * as the board of directors of a school district whose directors are elected at large, or, if said board is elected from director districts, then that membership of the board of directors whose districts are included in the proposed reorganized area, or a county board of education."

Appellants on the other hand maintain the appeals to which the cited Code sections refer are those to the district court from a decision of the state board of public instruction and have no reference to appeals to this court from a decision of the district court on an appeal to it from action of the county board under section 275.1 approved by the state board. The individual board members as appellants fur-

ther contend they did not initiate the appeal to the district court but were brought into the case in that court by plaintiffs there, appellees here, hence the statutory definition of "aggrieved party" has no application here.

In another attack against appellees' contention the appeal should be dismissed since appellants were not "aggrieved parties" within the limited definition of section 275.8 appellants maintain this section applies where there is a controversy over the planning of joint districts and the matter is submitted to the state department. Thus, since there is no joint district involved in the present controversy the statutory definition does not apply.

Before continuing to recount contentions of the parties we shall deal with the point appellants make why the definition of an "aggrieved party" contained in 275.8 does not apply to the present controversy. Section 275.34 incorporates by reference only the provision of 275.8 defining an "aggrieved party". Nothing further may logically be claimed for the reference to 275.8 in 275.34. The definition in 275.34 is not limited to joint districts.

II. Both sides assert other contentions particularly in support of their respective positions with regard to appellees' motion to dismiss Weitl's appeal to this court.

Appellees allege in division II of their motion since Weitl moved to dismiss Eden's appeal to the district court for reasons heretofore pointed out, thereby asking for independent relief, he cannot as an intervenor broaden the scope of the appeal. They further allege this plus the fact the county board of education did not appeal to this court from the district court's decision and the fact no statutory right of appeal was granted Weitl requires dismissal of his appeal to this court.

In response Weitl maintains he was not seeking to broaden the scope of the appeal the Eden district took to the district court. In written resistance he states the district court erred in dismissing his petition of intervention since he had clearly adopted the position of defendants—the county board, its five members and secretary—by intervening as a person interested in the subject matter specifically allied with defendants pursuant to rule 75, R.C.P. Weitl argues that those whom the Eden district made defendants to its appeal to the district court alleged all the matters he did in intervention as to the invalidity of Eden's appeal.

In his petition of intervention Weitl had also alleged he was a resident and taxpayer of Eden township, a director of its school district at all times material to the issues in the cause as additional ground and reasons why Eden's petition for appeal should be dismissed. Weitl had testified he had seven children attending the Manning public schools.

He maintains the foregoing gives him a right to appeal to this court which no statute or decision of this court denies to one with such interest in the litigation.

III. The foregoing contentions bearing on appellees' motion to dismiss the individual appeals of Weitl, Conner, Campbell and Johnson and appellants' resistance raise issues challenging our jurisdiction to entertain their appeals. It is not only our right but our duty to refuse, on our own motion, to entertain an appeal that is not authorized by statute. Harden v. Illinois Central R. Co., 254 Iowa 426, 429, 118 N.W.2d 76, 78 and citations.

It is fundamental that the right of appeal is neither inherent nor constitutional but wholly a creature of statute and may be granted or denied by the legislature as it determines. Unless the statute makes provision therefor, expressly or by implication, there is no right of appeal. Cedar Rapids Steel Transp. v. Iowa State Com. Com'n, 160 N.W.2d 825, 830 (Iowa 1968), certiorari denied, 394 U.S. 918, 89 S.Ct. 1189, 22 L. Ed.2d 451; Boomhower v. Cerro Gordo County Board of Adjust., 163 N.W.2d 75,

76 (Iowa 1968), and citations in these opinions.

No specific provision is made in chapter 275 for appeals to this court from decisions of "a court of record." However, rule 331(a), R.C.P., with the force and effect of statute, provides: "All final judgments and decisions of courts of record * * * may be appealed to the supreme court, except as provided in this rule and in rule 333." The stated exceptions clearly have no application here.

■ Even though not so limited by statute or rule, the right of appeal is not in every party to a judgment. As a general rule, irrespective of statute on the subject, the right of appeal is restricted not only to those interested in the subject matter of the action but also to those parties or persons prejudiced or aggrieved by the decision from which the appeal is taken. In support see Carlson v. West River Oil Co., 75 S.D. 333, 64 N.W.2d 294, 295; In re Fidelity Assur. Ass'n, 247 Wis. 619, 20 N.W. 2d 638, 641; 4 C.J.S. Appeal and Error § 183.

IV. The question is whether Weitl as intervenor or Conner, Campbell and Johnson in their capacity as individual members of the board are aggrieved parties who may appeal from a decision of the district court on an appeal to it from action of the county board under section 275.1 approved by the state board.

Based primarily on their contention sections 275.34 and 275.8 refer only to appeals to a district court from a decision of the state board, appellants maintain these sections do not furnish the criteria for determining their standing under rule 331(a), R.C.P., to appeal from the district court's decision. They insist their standing as "aggrieved parties" is more properly ascertained on the basis of their interest as taxpayers of the district where each lives. They argue this is particularly true by reason of the enactment of chapter 356, especially sections 10 through 13, Acts of the Sixty-second General Assembly which changes the method of taxation and payment of state aid to public schools, based in part on both high school enrollment and school census figures of the Manning and other public school districts.

As pointed out, Weitl had alleged a somewhat similar theory in his petition of intervention.

Whether appellants' standing as aggrieved parties granted right of appeal to this court under rule 331(a), R.C.P., is to be decided on the basis of the definition in section 275.34 or by the test appellants urge requires a search for what will best accomplish the legislative purposes for enacting chapter 275.

As stated in Division I, supra, we construe section 275.8 as being involved here only to the extent it affords the definition of "aggrieved parties" adopted by reference in 275.34. This latter section was enacted as section 16, chapter 129 by the Acts of the Fifty-seventh General Assembly in April 1957. In May the same session of the legislature amended Code section 275.1 (chapter 128, Acts of the Fifty-seventh General Assembly). Included in the amendment to this section is the following: "Any such district or part thereof attached by the county board of education, with the approval of the state board of public instruction, shall have the right to appeal this attachment to a court of record in the county in which said district or part thereof is located within twenty (20) days after the date of the approval by the state board of public instruction." Later amendments to this section have not changed the quoted provision which now appears as part of this section in the Code, 1966.

■ The limitation in the quoted provision restricting appeals to courts of record to "any such district or part thereof" involved in attachments made by the county board of education with the approval of the state board of public instruction neither expressly nor by implication gives a right of appeal to individual members or those allied with them by intervention.

The purpose of such limitation is to restrict appeals to a court of record by parties allegedly interested through certain bodies whose territory was involved in the proposed attachments and by no others, any other holding would tend to avoid this clearly-announced purpose of the legislature.

Although the question of proper parties involving a school reorganization in Dallas and Guthrie counties rather than attachments under section 275.1 was the matter before the court, Board of Directors of Linden Consolidated School District v. Board of Education, 251 Iowa 929, 933–934, 103 N.W.2d 696, 699, supports this conclusion. The portion of the opinion in the cited case relied on here was confined primarily to a quest for the legislative intent and purpose in defining an "aggrieved party" as in section 275.8 and as adopted by reference in 275.34. The court considered the definition as the exercise of a legislative right and purpose to avoid vexatious or delaying procedures to hinder prompt and desirable reorganizations, yet provide for appeals on well-founded grievances by only the most directly concerned and interested bodies. Thus the court concluded ones personally interested in legal determinations must persuade, look to, and depend upon their county board or their school district as their representative to prosecute or engage in an appeal. It was intended interested parties be permitted to appeal to a court of record only in this manner.

This legal effect does not conflict with what we have declared to be an important part of the plan adopted by chapter 275—to establish a chain of procedure which would fully protect the rights of all citizens, districts and boards as to school matters. Board of Directors of Stanton Ind. Dist. v. Board of Education, 251 Iowa 589, 591, 102 N.W.2d 159, 161.

In Board of Directors of Linden Consolidated School District v. Board of Education, supra, the definition of an "aggrieved party" related to reorganization under section 275.16, here attachments under 275.1 are involved.

It is true that in granting the right to appeal to a court of record section 275.16 refers to the definition of an "aggrieved party" contained in 275.8 whereas section 275.1 does not. In Board of Education of Green Mountain v. State Bd. Pub. Instn., 261 Iowa 1203, 1208–1211, 157 N.W.2d 919, 922–923, a certiorari proceeding, attention was called to the fact statutory requirements for attachments under section 275.1 are entirely different from those by which mergers and reorganizations are effected. This is correct but the opinion does not afford any basis for making a distinction between the two procedures when the legislative purpose in adopting a definition of an "aggrieved party" is the subject of inquiry.

Some of our authorities fixing guide lines for arriving at legislative intent are reviewed in State v. Hanna, 179 N.W.2d 503, 506–507 (Iowa 1970). The principles announced in those decisions were followed in Board of Directors of Linden Consolidated School District v. Board of Education, supra, in deciding who had standing to appeal to a court of record as an "aggrieved party" under the factual circumstances there.

Even though the adopted definition in 275.34 is not involved in appeals to a court of record from attachments made under 275.1, the legislative intent for its enactment is important here as a basis for determining the question stated in the first paragraph of this division, supra.

■ Conceding that Board of Directors of Linden Consolidated School District v. Board of Education, supra, involved an appeal to a court of record from a decision of the state board of public instruction, we hold the construction made in that decision of the legislative intent and purpose in defining an "aggrieved party" in chapter 275 is determinative of appellants' standing to appeal as granted under rule 331(a), R.C.

P. Reasons found in the cited case for limiting the right to appeal to a court of record in the first instance apply equally to appeals from decisions of such court in attachment proceedings. The legal principles involved are the same. This legal effect of the definition will best serve the legislative purpose and intent for its enactment.

In other words, we hold the right to appeal granted under rule 331(a), R.C.P., is to be restricted to those having standing as an "aggrieved party." The definition in 275.34 furnishes the criteria for determining this standing in cases involving appeals from decisions of the district court in proceedings under chapter 275. In appeals from decisions of the district court in attachment proceedings under 275.1 the standing to appeal is limited to "any such district or part thereof attached by the county board of education with the approval of the state board of public instruction."

■ Under this limitation the individual in the circumstances before the court has no standing to appeal under rule 331(a), R.C.P., from a decision of the district court except through his elected governing bodies specified in chapter 275.

■ Appellants do not fall within the "governing bodies" specified in 275.1 nor does their interest as taxpayers in their individual districts in any tax change that might be brought about by attachment of Eden and Templeton districts to the Manning community school district afford the proper test for determining their standing to appeal. Furthermore, any change in taxation created by the attachments is not a violation of appellants' constitutional rights. Wall v. County Board of Education, 249 Iowa 209, 227, 86 N.W.2d 231, 242; Graham v. Worthington, 259 Iowa 845, 146 N.W.2d 626, 639; Frost v. State, 172 N.W.2d 575, 579 (Iowa 1969).

Appellees' motion to dismiss appellants' appeals is therefore sustained.

In reaching this conclusion all contentions of appellants may not have been commented on directly, nevertheless, they have been considered.

V. This statement made in construing the definition of an "aggrieved party" in Board of Directors of Linden Consolidated School District v. Board of Education, supra, 251 Iowa at 937, 103 N.W.2d at 701 affords another reason for dismissing Weitl's appeal: " * * * to intervene in such an appeal, the party intervening must have a standing or interest sufficient to maintain the original appeal. There is no difference under chapter 275 whether the aggrieved party appeals or responds to an appeal."

VI. As indicated, the other matter for review is original certiorari to review the decree of the Carroll district court, A. J. Braginton, Judge, holding void attachments of Eden township school district and Templeton independent school district to the Manning community school district by the Carroll county board of education under section 275.1.

In this opinion we have adopted the term "original certiorari" used by the parties in their written briefs and arguments. This explanation of that term is appropriate.

"Applications to this court for writs of certiorari are sometimes referred to as original proceedings, but that is not the equivalent of saying that in granting of said writs the court exercises original jurisdiction. The granting of writs of certiorari by this court are original proceedings only in a very limited sense inasmuch as the function of the writ is to bring before this court for review in a particular manner a limited class of errors alleged to have been committed by inferior judicial tribunals, namely, those which result from such tribunals exceeding their jurisdiction or otherwise acting illegally. The only purpose which the writ serves is to annul proceedings of such inferior judicial tribunals. No other relief can be granted. What is accomplished, therefore, by means of the writ is the correction of a particular

class of errors at law committed by inferior judicial tribunals. * * *" Independent Sch. Dist. v. Samuelson, 220 Iowa 170, 171, 262 N.W. 169, 170.

■ Certiorari is appropriate where, as here, an inferior tribunal is alleged to have exceeded its proper jurisdiction or otherwise acted illegally as there is not substantial support in the evidence for his findings upon which defendant arrived at its challenged conclusion of law—the county board's legislative function was arbitrary and capricious. Sueppel v. Eads, 261 Iowa 923, 926, 156 N.W.2d 115, 116.

Plaintiffs alleged in their petition for the writ defendant judge exceeded his proper jurisdiction and otherwise acted illegally in that his findings are without substantial support in the evidence and he reaches his decision by not applying proper rules of law. They complain of 12 illegalities of the district judge which may be summarized as asserting: (1) the district court usurped and interfered with the legislative function of the county board of education, (2) the district court's finding that the attachments were arbitrary, unreasonable without support in the record and an abuse of the county board's discretion do not have substantial support in the evidence presented to that court, (3) the district court violated Iowa Code, 1966, chapter 275, (4) defendant applied erroneous rules of law in arriving at his conclusions, and (5) defendant failed to comply with the court rule 5 of the Sixteenth Judicial District by not filing its ruling and the decree in the time required.

■ We point out this proceeding does not arise from litigation where no appeal is permitted since such right of review is granted by rule 331(a), R.C.P., although standing to appeal in this instance is limited to specified governing bodies. Thus, there is no basis here for recognizing the tendency to broaden the scope of the writ as indicated in Hohl v. Board of Education, 250 Iowa 502, 509, 94 N.W.2d 787, 791–792. Since plaintiffs elected to proceed in certiorari rather than persuading, looking to and depending on their elected governing bodies to prosecute or engage in an appeal they are bound by procedure and limitations of the remedy of certiorari.

Rule 308, R.C.P., provides:

"The writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy; but the *relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of,* unless otherwise specially provided by statute." (emphasis supplied).

VII. We state a few well-established principles concerning our review in original certiorari proceedings.

"Certiorari is appropriate where an inferior tribunal is alleged to have exceeded its proper jurisdiction or otherwise acted illegally. The hearing here is not de novo and we do not review the findings of fact of the inferior tribunal further than to ascertain that they are sustained by competent and substantial evidence. Only questions of law are presented. Rule 306, Rules of Civil Procedure; * * * [citing authorities]." Harnack v. District Court of Woodbury County, 179 N.W.2d 356, 359–360 (Iowa 1970).

■ Certiorari is not an appeal and may not be used to correct mere errors on the part of the trial court. Zwingle Ind. Sch. Dist. v. State Board of Public Instr., 160 N.W.2d 299, 301–302 (Iowa 1968). In the cited case we said:

"On appeal from the trial court's judgment here there is no review de novo, rule 318, R.C.P.; * * * [citing authorities]. Nor may we set aside the findings of fact if they have support in the evidence. We can only determine whether there is substantial evidence to support such findings and whether the trial court applied a proper rule of law. * * * [citing authorities]."

This pronouncement was made in Staads v. Board of Trs. of Fireman's Ret. Pension Fund, 159 N.W.2d 485, 490 (Iowa 1968):

"Commencing with Tiedt v. Carstensen, 61 Iowa 334, 16 N.W. 214, we have uniformly held that where the law clothes an inferior tribunal with authority to reach a decision on the facts submitted to it, its decision is not illegal if the subject matter and the parties are within its jurisdiction and there is evidence to support it. Review of the facts is for the purpose of determining whether the tribunal's decision is supported by any competent evidence. * * * [citing authorities]."

This court has articulated the foregoing principles in somewhat different style in County Board of Education v. Parker, 242 Iowa 1, 11, 45 N.W.2d 567, 572; Iowa-Illinois Gas & Elec. Co. v. Gaffney, 256 Iowa 1029, 1033, 129 N.W.2d 832, 834; Koelling v. Trustees of Skiff Hospital, 259 Iowa 1185, 1206, 146 N.W.2d 284, 296–297; Klein v. Civil Service Commission, 260 Iowa 1147, 1150, 152 N.W.2d 195, 196–197; Board of Education of Green Mountain v. State Bd. Pub. Instr., 261 Iowa 1203, 1206, 1210, 157 N.W.2d 919, 921, 923, and Smith v. City of Fort Dodge, 160 N.W.2d 492, 494, 495 (Iowa 1968). See also the authorities cited in these opinions.

"Plaintiffs have the burden to show defendant has exceeded 'his proper jurisdiction or otherwise acted illegally.' Rule 306, Procedure of Civil Rules; * * * [citing authorities]." Newby v. Woodbury County District Court, 259 Iowa 1330, 1336, 147 N.W.2d 886, 890.

VIII. The trial court concluded the Carroll county board of education acted arbitrarily and unreasonably in attaching the two districts involved to the Manning community school district; the board abused its discretion in acting upon these attachments; and therefore its action purporting to attach the two districts by separate resolution August 5, 1968 is of no force and effect. Its decree holding the attachments null and void and issuing the permanent injunction mentioned followed.

Appellants preface their assertion of illegalities summarized in Division VI, supra, by alleging defendant exceeded his proper jurisdiction and otherwise acted illegally.

In this connection, "the terms 'acting illegally or in excess or jurisdiction conferred' is defined to mean the same thing. That ' "excess of jurisdiction," as distinguished from absence of jurisdiction, means that an act, though within the general powers of the tribunal, is not authorized and invalid, because the conditions which alone authorize the exercise of the general power in respect of it are wanting * * *.' * * * [citing authorities]." Lewis v. Burrow, 23 Tenn.App. 145, 127 S.W.2d 795, 797.

Stated otherwise, " * * * excess of jurisdiction means a case in which the court has initially proceeded properly within its jurisdiction but steps out of the jurisdiction in the making of some order or in the doing of some judicial act." Mann v. Morrison, 106 Utah 15, 144 P.2d 543, 545.

Appellants do not contend defendant lacked jurisdiction of the subject matter presented by the appeal or the parties.

IX. In the light of the principles recognized, supra, our inquiry is limited to determining whether the court applied an erroneous rule of law and whether there is substantial evidence to support the court's finding that the board's action was arbitrary, capricious and unreasonable without substantial support in the record.

"Arbitrary, capricious and unreasonable action on the part of an administrative agency occurs when it can be said to be without rational basis; unconsidered, willful and irrational choice of conduct, unsupported by competent and substantial evidence. * * * [citing authorities]." In re Lone Tree Community School District, 260 Iowa 719, 724–725, 150 N.W.2d 637, 640.

In arriving at his conclusion defendant, in written brief and argument, acknowledges awareness of the following principle repeated in Board of Education of Independent School Dist. of Stanton v. County Board Etc., 254 Iowa 1285, 1288, 121 N.W.2d 137, 139:

"In re Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737, holds the organization and establishment of the boundaries of a school district are legislative functions, the exercise of which by the judicial department is forbidden by Article III, section 1, Iowa Constitution, I.C.A. In such a proceeding upon appeal the court may consider only judicial questions. It cannot substitute its judgment for that of designated school authorities as to the wisdom of the plan for proposed district. * * * [citing authorities]."

■ However, the discretion of determining high school district attachments must necessarily be exercised within the policy statements contained in 275.1 including compliance with the county plan previously formulated. Board of Education of Community School Dist. of Owasa v. Board of Education of Hardin County, 260 Iowa 217, 220, 149 N.W.2d 187, 189.

Although the area involved is surrounded and contiguous only to Carroll or Manning and a subsequent attachment is limited to these two school districts if the area is to remain in a Carroll county district, the court did not fix the boundaries of the districts but merely determined in this instance the board of education's action to be arbitrary, capricious and unreasonable and without substantial support in the evidence.

We do not interpret the court's decree as proscribing later attachments of the area involved to Manning by the board if done after consideration of all pertinent data and without arbitrariness or abuse of discretion.

The trial court's finding is supported by the detailed evidence in defendant's return as to changes made in the county plan by the county board in every district except Eden and Templeton while considering the attachments of August 1968; the fact that in making attachments of Eden and Templeton the board arbitrarily used different standards than those used in attaching other areas; and the board's inconsistency in selecting criterion used for making the eight attachments involved.

There is merit in defendant's suggestion that this is not a situation of one arbitrary decision, but the cumulative effect of many arbitrary and unreasonable decisions which afford substantial support for voiding the attachments.

We fail to find defendant was attempting to substitute his judgment for that of the designated school authorities as to the wisdom of the plan for the proposed district and hold that in arriving at the challenged conclusion he considered only judicial questions. This statement in the court's decree supports our position, "courts can only interfere when there is a showing of arbitrariness or abuse of discretion."

X. Plaintiffs assert the principal basis for defendant's decree holding the attachments in question arbitrary and void is the asserted fact they were not in accord with the alleged wishes of many voters in the attached area. They argue defendant acted illegally in ignoring the fact nothing in chapter 275 or section 275.1 requires the attachments to satisfy the wishes or preferences of voters in the attached area.

Stated differently, plaintiffs contend defendant applied an erroneous rule of law and imposed a duty upon the county board of education and state board far greater than that which the statute requires in demanding the county board to make the attachments involved in accord with the wishes of the voters in the attached area.

Plaintiffs rely for support on this statement in 78 C.J.S. Schools and School Districts § 27b(3):

"However, except as may otherwise be provided by statute, the application or con-

sent of a district, or its officers, or the inhabitants or voters of the territory affected, is not essential, nor is their opinion or desire material, to the exercise of a subordinate officer, board, or agency of power granted him or it to create or alter school districts or to merge boards of education; and his or its jurisdiction and authority are not affected by the presentation of a petition or objection, or by other expression of the wishes of the residents or voters of particular territory as to the creation or alteration of a school district therein."

We have no quarrel with the foregoing statement but it does not help plaintiffs here. It is clear the court did not violate the principle set forth in the above quotation in finding that the board abused its discretion when the majority of its members left the decision as to what area or land was to be included or excluded in the attachments made in six of the eight areas involved in the proceeding of August 1968 to the individual residents thereof.

▮ What the court did find was that the board fell into what might perhaps be termed "appeasement" when certain of its members in their effort to get the attachments done with as little difficulty as possible proceeded to attempt to appease many of the people affected by various attachments made necessary by the school reorganization within the county. In their zeal to accomplish the attachments they failed to treat everyone the same who were in like or similar circumstances.

Defendant recognized that wishes of the voters in the attached area were not material but in reaching his conclusion found the wishes of residents and voters of the six other areas mentioned did become a basis for attachments of those areas even though changes from the county plan were involved. The board having adopted this policy applied it arbitrarily in refusing to apply this same standard in the Eden and Templeton attachments.

Plaintiffs' contention is without merit.

XI. Plaintiffs' twelfth assertion of illegality, summarized, supra, as their fifth, cannot be sustained.

All assertions of plaintiffs of illegalities have been considered whether specifically mentioned or not.

XII. Where, as here, there is substantial support in the evidence for the trial court's findings and no erroneous rules of law were applied in reaching his conclusions, the court's findings of fact cannot be set aside. Zwingle Ind. Sch. Dist. v. State Board of Public Instr., supra, 160 N.W.2d at 301–302 (Iowa 1968).

In reaching this conclusion we are not to be understood as retreating from our previously announced position of liberally construing the law with a view to promoting the reorganization of school districts in the state as expressed in the statutes. Board of Education of Green Mountain v. State Bd. Pub. Instr., supra, 261 Iowa at 1210, 157 N.W.2d at 923.

Appellees' motion to dismiss appellants' appeal is sustained and the writ of certiorari is annulled.

All Justices concur.