WILLIAM HOWARD TAFT JONES V. THE STATE.

No. 23323. Delivered April 17, 1946.
Rehearing Denied June 5, 1946.
Appealed to the Supreme Court of the United States.
Mandate of the U. S. Supreme Court, refusing Writ of
Certiorari, filed in Court of Criminal
Appeals November 25, 1946.

The opinion states the case.

*Arthur H. Bartelt,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for driving while intoxicated an automobile upon a public highway in Travis County; punishment assessed being six months in the county jail and a fine of $250.00.

The record is before this court without either bills of exception or statement of facts.

Appellant's present attorney has filed his affidavit in which he seeks to show that appellant has been deprived of a statement of facts without fault of appellant or his attorney, and is therefore entitled to a reversal of the judgment of conviction.

The affidavit recites that Horace Shelton was the attorney who represented appellant on the trial of the case, but that Earl Shelton represented appellant and presented the motion for new trial, which was overruled on the 26th day of September, 1945. Notice of Appeal was given at that time and ninety days granted in which to file statement of facts and bills of exception. The present attorney was employed to represent appellant on this appeal on October 17, 1945. He requested Horace Shelton to prepare a statement of facts in the case, which he refused to do. No reason for such refusal appears from the present attorney's affidavit, and no statement is present from Horace Shelton throwing light on the reason for such refusal. The affidavit of appellant's present attorney states that he requested the judge who presided at the trial to furnish a statement of facts, but the judge declined because the facts developed on the trial were "too hazy in his mind to justify" an attempt on his part to prepare a statement of facts. No further effort was made by ap-

pellant's present attorney to prepare a statement of facts. The State suggests that the facts do not support the position of appellant's present attorney that appellant has been deprived of a statement of facts due to no fault of his own or his counsel.

When the present attorney was employed on October 17 there remained 69 days of the 90 which had been allowed for filing the statement of facts. Appellant was tried in the county court. Our statute does not provide for a court reporter to take the testimony in a misdemeanor case.

Prior to the enactment of H. B. 108, passed by the Regular Session of the 48th Legislature in 1939, the preparation of statement of facts in a criminal case was controlled by Title 42, Chap. 11, Revised Civil Statutes of 1925, except as limited by Art. 760 C. C. P. The Act of 1939, effective September 1, 1941, conferred upon the Supreme Court of this State full rule making power in civil judicial proceedings, and expressly repealed the civil statutes theretofore governing such matters. The effect of said article was to leave Art. 760 C. C. P. as amended as controlling the preparation of a statement of facts in criminal cases.

The clear import of Sec. 7 of Art. 760 C. C. P. is to provide a means whereby one desiring to appeal from a misdemeanor conviction may secure a statement of facts, though the testimony was not taken down by a court reporter. In such cases the burden is upon the appellant to first prepare what he understands to be a statement of the facts in the case, and until he does so there is nothing for State's counsel or the trial judge to do in the matter.

Appellant certainly knew what witnesses had testified upon his trial and the substance of the evidence given by them. He could have advised his present attorney of their evidence, or referred him directly to the witnesses from whom the attorney could have ascertained what their evidence had been so that it might have been incorporated in a statement of facts. After present counsel was employed he had ample time to have complied with the provisions of the statute controlling. His position that a reversal should be predicated on the absence of a statement of facts without fault of appellant or counsel cannot be sustained.

Appellant urges that for the State to prosecute in misdemeanor cases in the county court without providing for a court

reporter to preserve a record of the testimony amounts to a denial to the accused of the "due process" clause of the 14th Amendment of the Constitution of the United States. The "due process" guarantee of the Constitution cannot be stretched to the fanciful length suggested by appellant.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of the fact that our statutes fail to provide for a court reporter to take down the testimony in misdemeanor cases, and we can but say that we think this matter was properly disposed of in our original opinion. It would be a peculiar doctrine for this court to lay down if we said that because one's own selected attorney did not see fit to prepare a statement of facts of matters presented at the trial, that the accused could provide himself with another attorney and then rely upon the newly provided attorney's lack of knowledge of the facts proven and thus by such change of counsel gain a new trial of his case because of no statement of facts being present in this court. Such would be our holding should we agree with appellant's contention.

Attached to this motion for a rehearing we find affidavits of three persons, allegedly present at the scene of the accident, as well as a statement from a finance company agent, such affidavits being dated April 25, 1946, April 29, 1946, and April 30, 1946, none of which were filed in the trial court, and seem never to have been brought to the attention of the judge thereof. This cause seems to have been tried on September 26, 1945, and the jury verdict rendered at that time. Appellant himself offers a lengthy affidavit, attached to such motion, and goes into matters that are not found in the record, but which might have been pertinent at the trial, giving as his reason that his attorney present at the trial thought best for appellant not to take the stand. All these matters come too late and cannot be considered by us, being but ex parte affidavits with no place therefor in this record. To entertain same would never make an end to litigation, and disrupt all rules of procedure.

We adhere to the reasoning set forth in the original opinion, and the motion will be overruled.