JOHN P. TAYLOR V. STATE.

No. 24842. June 21, 1950.

*Ward & Benson,* by *L. F. Benson,* Mt. Pleasant, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with a motor vehicle as defined in Art. 1149, Vernon's Ann. P.C., and his punishment was assessed by the jury at 60 days in jail and a fine of $200.00.

The proceedings appear to be regular. No bills of exception or statement of facts are found in the record.

Appellant, by motion for certiorari, seeks to have a statement of facts brought up from the trial court, or in the alternative, to have the judgment reversed.

On December 23, 1949, appellant's motion for new trial was overruled, and he gave notice of appeal. The order grants "full statutory time to perfect appeal."

On the same day, appellant filed his affidavit of inability to pay the costs, and requested that he be furnished a statement of facts. On March 18, 1950, appellant filed a second request that he be provided with a statement of facts, and on the same day the trial judge entered this order overruling such request.

Appellant attaches to his motion a statement of the evidence as prepared by him, which he says was not completed until after the expiration of 90 days from the date of his notice of appeal. This statement of the evidence he says he sent to the clerk "for approval of the trial judge and then to be filed with said papers in said cause."

The burden was upon appellant to first prepare what he understood to be a statement of the facts in the case and present same for approval, and until he does so there is nothing for state's counsel or the court to do in the matter.

Being a misdemeanor case, the court reporter was not obliged to furnish a statement of facts, nor was the trial judge under the duty to prepare or furnish such statement. See Jones v. State, 149 Tex. Cr. R. 594, 194 S.W. 2d 766.

But appellant, through his attorney, avers that they were diligent in the matter and that appellant has been deprived of a statement of facts through no fault of his own or that of his attorney; that he was promised by the judge and the assistant county attorney on December 23, 1949, that the statement of facts would be prepared and furnished to appellant's attorney in ample time to prepare the appeal.

We are unable to agree that diligence is shown, or that appellant is without fault in the matter. It is not shown that the statement could not have been prepared after the overruling of appellant's second motion on March 17, 1950, and prior to the expiration of the time allowed for its filing. Nor is it shown that a statement of facts was ever presented by appellant to the state's attorney or the trial judge for approval.

There being no statement of facts on file with the clerk of the trial court, certiorari would avail nothing.

The judgment is affirmed.

Opinion approved by the court.