ROY H. CHRISTOPHER, plaintiff, v. DISTRICT COURT OF IOWA in and for BLACK HAWK COUNTY, defendant.

No. 50826.

(Reported in 123 N.W.2d 892)

October 15, 1963.

Roy H. Christopher, pro se.

Evan Hultman, Attorney General, and John H. Allen, Assistant Attorney General, for defendant.

GARFIELD, C. J.—Plaintiff is a prisoner in the men's penitentiary at Fort Madison under a sentence imposed by the district court of Black Hawk County upon his plea of guilty to a charge of false drawing and uttering of a bank check in violation of section 713.3, Codes, 1958, 1962. Contrary to custom, in view of plaintiff's history shown in the court file, the trial court directed his then official court reporter to make shorthand notes of what transpired when the plea was entered and sentence pronounced. No appeal was taken from the judgment.

Several months later plaintiff filed in the district court a petition for writ of mandamus to compel the reporter to furnish him a transcript of the notes. They had been lost or misplaced in the office of the clerk of court and could not be found. The reporter had moved to another state and given up reporting. The court first continued the case since no service of notice upon the former reporter (defendant) had been obtained and it was hoped the notes could be located. After service was procured, the notes not having been found, the court made the order now under review.

It finds the former reporter duly filed his notes with the clerk; plaintiff paid the reporter $5 for a transcript thereof; the latter requested the clerk to forward the notes to him; since they could not be located it was impossible to make the transcript; the court was not justified in making an order defendant could not obey. The order directs the reporter to return the $5 to plaintiff and continues the case in the hope that after further search of the clerk's office the notes would be located. No appeal was taken from this order but five months after it was entered plaintiff petitioned us for a writ of certiorari to review it. In order to extend plaintiff every consideration we granted the writ.

This action is wholly without merit. We will refer to enough of the mass of material plaintiff has filed with us to demonstrate the truth of this assertion.

██ I. Certiorari lies where a so-called inferior tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally. Rule 306, Rules of Civil Procedure. (We regard the district court as "inferior" only in the sense there is a higher court.) Clearly the jurisdiction of defendant-court was not exceeded here. Nor does it appear to have acted "illegally" within the meaning of rule 306.

██ II. We are not content to dispose of this action solely on the ground just stated. We think defendant-court properly ruled it was not justified in making an order defendant to the mandamus action (the reporter) could not obey because of a circumstance beyond his control. 34 Am. Jur., Mandamus, sections 37, 38, pages 831, 832; 55 C. J. S., Mandamus, section 14,

page 39. See also Flowers v. Independent School District, 235 Iowa 332, 335, 336, 16 N.W.2d 570, 572.

■ The Am. Jur. citation, supra, section 38, says: "* * * the duty sought to be enforced must be one which the respondent can perform. The writ will not be granted to compel the performance of an act where such performance is impossible, is beyond the physical * * * power of the respondent, * * *."

■ III. There is no merit, under the circumstances here, in plaintiff's argument that failure to furnish the transcript is a denial of due process and equal protection of the laws.

The return to the writ of certiorari shows that on June 2, 1961, plaintiff was charged by amended and substituted county attorney's information with the crime of false drawing and uttering of a check, committed January 10, 1961, in violation of Code section 713.3 and with being a habitual criminal in violation of section 747.5 because of two prior convictions of a felony. The record shows at least three prior convictions of a felony and other convictions for lesser offenses. We mention this as an indication plaintiff was not an entire stranger to criminal law or procedure in June 1961.

June 7, 1961, plaintiff appeared in court with his attorney (he had also previously appeared with the attorney), told the court he had had ample opportunity to confer with the attorney, was satisfied with the latter's representation of him and advice to him and asked that the attorney be appointed to represent him. An order of appointment was then made. Through the attorney plaintiff waived formal arraignment and further time to plead, entered his plea of guilty to the crime of false drawing and uttering as charged and waived time for sentence. Plaintiff then personally entered his plea of guilty and said he fully appreciated the sentence that would be pronounced. Both plaintiff and his counsel were given full opportunity to say anything they desired before sentence was pronounced. They requested only that if possible plaintiff wished to go to the psychopathic ward of the Men's Reformatory at Anamosa if that could be arranged.

Although the sentence, in accord with Code section 789.16, was to the men's penitentiary, it was arranged that plaintiff be

given psychiatric treatment at Anamosa where he stayed from July 12 to August 22, 1961. Then, at his request, he was returned to the penitentiary at Fort Madison.

What happened to the charge plaintiff is a habitual criminal under section 747.5, for which the punishment is a penitentiary term of not more than 25 years, does not appear. Apparently it was not pressed.

Defendant-court's return to the writ of certiorari here recites in substance that the court can state with certainty a transcript of the shorthand notes, if they could be found, would disclose nothing not stated in the return.

Plaintiff's first inquiry as to the cost of the transcript was made August 28, 1961, some 21 days after time for appeal (Code section 793.2) from the judgment of imprisonment expired. He sent the reporter $5 for the transcript on September 25. So far as shown, it was not until after plaintiff was informed the shorthand notes could not be found that he advanced the claim his plea of guilty was not freely given but as a result of "duress, coercion, fraud, trickery, and in violation of the 14th amendment to the Federal Constitution."

Nothing except naked assertions in plaintiff's brief and arguments supports the claim just quoted which is contrary to the return to the writ. We cannot accept it as a fact. See Farrant v. Bennett, Warden, 255 Iowa 704, 706, 707, 123 N.W.2d 888, and citations.

As in Nelson v. Bennett, 255 Iowa 773, 777, 123 N.W.2d 864, we find no denial of guilt. Apparently plaintiff has consistently admitted his guilt.

If authority need be cited for our conclusion no violation of due process or equal protection appears, we may cite Norvell v. Illinois, 373 U. S. 420, 423, 424, 83A S. Ct. 1366, 1368, 1369, 10 L. Ed.2d 456, 459, decided May 27, 1963. Petitioner there had been convicted of murder and sentenced to 199 years in prison. Though indigent he had a lawyer at the trial. Long after time for appeal expired petitioner requested a transcript of the trial. It could not be furnished because the court reporter had died and no one could read his shorthand notes. Petitioner sought a new trial which was denied him by the trial court. The

supreme court of Illinois affirmed (25 Ill.2d 169, 182 N.E.2d 719).

The supreme court of the United States denied certiorari, holding there was no denial of due process or equal protection "to those who, at the time of the trial, had a lawyer and who presumably had his continuing services for purposes of appeal and yet failed to pursue an appeal. * * *

"For, where transcripts are no longer available, Illinois may rest on the presumption that he who had a lawyer at the trial had one who could protect his rights on appeal."

IV. In view of the statements in the return to the writ of certiorari, inability of the reporter to furnish plaintiff the transcript was without prejudice to him. There is no showing it would contain anything that would furnish plaintiff a ground for relief even on appeal from the judgment of conviction, if an appeal had been taken. The return to the writ satisfies us the transcript would not furnish any such ground.

There are indications plaintiff really does not want the transcript but prefers to complain to different courts and high government officials it has been denied him. He unsuccessfully sought his release on habeas corpus in the district court of Iowa in and for Lee County, where Fort Madison is located, and in this court, in 1962. He has filed various petitions in the United States district court making a variety of charges of misconduct and crime against officials in different branches of government. The latest was filed two days after this action was submitted to this court at its last session (the first after plaintiff filed his reply brief) and charges it with refusing to render a decision herein. Plaintiff has obligingly filed with us copies of these various documents.

More might be said. We trust we have said enough to satisfy our pledge to demonstrate this action is without merit.— Order affirmed; writ of certiorari annulled.

All JUSTICES concur.