RAWLS, Chief Judge.
Appellant Griffin, an indigent, was charged with grand larceny, tried, and upon a jury’s verdict of guilty sentenced to five years; thus this appeal.
The Court Reporter that attended this trial died prior to preparing a transcript of the proceedings. Extensive effort was exerted in trying to locate someone that could transcribe the notes, but to no avail. Finally, this Court entered an order directing trial counsel to confer and exert every effort to agree upon a condensed statement, in narrative form, of all the testimony had in the trial, together with objections and rulings thereon, which might be relevant to any point that might be posed on appeal.[1] A stipulation pursuant to this Court’s order was entered into by trial counsel and is now a part of the record on appeal.
The Public Defender of the Second Judicial Circuit was appointed to represent appellant in this appeal.[2] Subsequent to the foregoing stipulation being filed, the appellant’s assistant public defender lawyer filed a motion to withdraw as attorney of record in this appeal,[3] alleging therein, inter alia:
“[The] Stipulation simply does not allow counsel to marshal arguments in support *244 of the two main defense objections contained in the statement, to wit, ‘the value of the said lawn mower’ (presumably this objection was directed at either the competency of witness Bradley to testify as to that question of fact or the sufficiency of the testimony which he presented.) and motion for judgment of acquittal. Although it would appear that defense counsel’s motion for judgment of acquittal was of some merit, the narrative does not allow for effective advocacy of that point before this court.
“. . . The ‘Stipulation’ does not allow for the free exercise of independent professional review of the trial proceedings.”
This Court denied the motion to withdraw as attorney of record. The appellant’s assistant public defender lawyer then proceeded to file as the sole point on appeal the proposition that the subject stipulation deprives appellant of a meaningful review of his conviction as contemplated by provisions of the Florida and Federal Constitutions.
The pertinent parts of the subject stipulation are as follows:
A.
“1. C. D. Bradley, manager of Warren’s Hardware, gave testimony that the value of the lawn mower that had been stolen was approximately $169.00 retail and the wholesale value was $109.00. He had no personal knowledge as to the identity to the individual that had stolen the lawn mower.
“2. Lou Lovelace, an employee of Warren’s Hardware, testified that on the day in question he had been going by the area where the lawn mowers were displayed in the warehouse, and that he had seen the lawn mower in the display area immediately prior to his going into the warehouse and that upon being made aware that a theft was in progress, he came out of the warehouse and observed a car leaving the area with what appeared to be handles of a lawn mower protruding from one of the rear windows of the vehicle. The car was described as a 1966 gray Pontiac with a leopard skin top.
“3. Willie Davis, an employee of Warren’s Hardware, testified that he personally knew the Defendant, the Defendant having previously been employed by Warren’s Hardware, and that immediately prior to the theft of the lawn mower he had seen the Defendant sitting in his automobile, a 1966 gray Pontiac with a leopard skin top, across the street from Warren’s Hardware.
“4. Ed Smith, a Deputy Sheriff with the Escambia County Sheriff’s Department, testified that on the day in question, he went to the Escambia County jail, having recognized the Defendant’s vehicle from a description of the one used in the theft as belonging to the Defendant, and being aware that the Defendant’s wife was incarcerated in the Escambia County jail, went to the Es-cambia County jail knowing that the Defendant would be visiting his wife during visiting hours and observed the Defendant’s 1966 gray Pontiac with leopard skin top in the parking lot of the jail. He then looked through the rear window of the automobile and observed four indentations that had been made in the rear seat of the automobile by the tires of the lawn mower. He then arrested the Defendant and charged him with grand larceny.
“DEFENDANT’S OBJECTIONS:
“1. Value of the said lawn mower (overruled).
“2. The defendant objected to the officer’s testimony relative to the indentations found in the vehicle in question. The basis for this objection was that the officer’s testimony called for his conclu *245 sion as to what actually caused the said indentations (sustained).
“BASIS FOR DEFENDANT’S MOTION FOR JUDGMENT OF ACQUITTAL:
“The Defendant, at the appropriate times throughout the course of the trial, moved for a judgment of acquittal based on the following grounds:
“1. The Defendant contended that the evidence was insufficient to prove that the value of the stolen item was over $100.00 and therefore, if a crime was committed, it was petty larceny.
“2. The Defendant contended that the evidence was insufficient as a matter of law to establish that the Defendant did in fact steal the lawn mower in question in that the only testimony relative to the theft was that the lawn mower was noticed to be missing; that the Defendant was identified as the driver of the car which left the scene and in which the observer noticed handles protruding from a window.
B.
“The Defendant presented alibi testimony that:
“1. The Defendant’s girlfriend testified that on the day in question she had been with him at his residence and that he had been at the residence at 2 p. m., the approximate time the lawn mower was taken. She testified that the only time during the day that the Defendant had left this residence was for a 45-minute period at approximately 10 a. m. in the morning.
“2. A friend of the Defendant testified that on the day in question he had been at the Defendant’s residence with the Defendant and his girlfriend. He testified on cross examination that at no time during the day had the Defendant left the residence.
“STATE’S REBUTTAL:
“The State did not offer any rebuttal.”
We find that the foregoing stipulated facts, objections and motions are adequate to afford appellant his due process rights by this appeal. A condensation of the facts as stipulated are: Witness Lovelace testified he saw the subject lawn mower in the display area as he entered the warehouse, and upon being made aware that a theft was in progress, he came out of the warehouse and observed a 1966 gray Pontiac with a leopard skin top leaving the area with “what appeared to be handles of of a lawn mower protruding from one of the rear windows.” Witness Davis testified that he saw appellant, a former employee of the hardware store, who he personally knew sitting in the described Pontiac automobile across from the store, immediately prior to the theft; a deputy sheriff testified that he observed four indentations in the rear seat of appellant’s Pontiac which had been made by a lawn mower. The facts recited above are insufficient as a matter of law to sustain this conviction. “What appeared to be handles” of an unidentified lawn mower, and what a deputy sheriff concludes are indentations of an identified lawn mower are simply not enough evidence to sustain a larceny conviction.
In view of the long delay that this appellate review has encountered, and the failure of the Assistant Public Defender in assigning as a point on appeal the insufficiency of the evidence as a matter of law to sustain the conviction, this Court sua sponte raises said point. The judgment of conviction is reversed with directions that appellant be discharged.
Reversed.
JOHNSON and MILLS, JJ., concur.

. Florida Appellate Rule 6.7(f).

. F.S. 27.51(4).

.Citing Canon 5 and Canon 6, Code of Professional Responsibility, 1970.