BOWEN, Judge.
The nineteen year old defendant was indicted and convicted for buying, receiving or concealing stolen property. He was charged and tried as a Youthful Offender. Sentence was thirty days’ imprisonment in the county jail and two years’ probation.
The defendant appealed his conviction because the trial court imposed a term of incarceration as part of his sentence. The basis for the appeal is that a transcript was not made of the defendant’s trial. This was raised in the trial court by a motion for new trial.
Apparently, the only evidence submitted at the hearing of the motion for new trial, and the only evidence in the record, is an affidavit of Helen Murphy, the official court reporter for the Circuit Judge who tried the defendant. The pertinent portions of her affidavit appear as follows:
“At trial, on February 7, 1980, defendant was represented by attorney John Barnes. When asked by the trial judge whether he wanted me to attend the trial as court reporter, Mr. Barnes apparently said no. I was not called into the courtroom during the trial of defendant, nor is there to my knowledge any notes, memo-randa, or record of the oral testimony given during said trial.”
* * * * * *
“I did not attend, nor do I have any notes pertaining to the trial held on February 7, 1980. To my knowledge, no court reporter attended said trial, nor were any notes made of the testimony when given.”
The defendant contends that due process of law requires a verbatim record of testimony in Alabama Youthful Offender proceedings and that trial counsel’s waiver of or failure to request the presence of a court reporter constitutes incompetent and ineffective assistance of counsel. However, the defendant does not contend, either in brief or in oral argument, that he was denied a fair trial, that any errors were committed during the course of the trial, or that the State’s evidence at trial was insufficient to support the verdict. From the record, it does not appear that the defendant is indigent or required court appointed counsel.
This Court is bound by the record. The record here does not show that the defendant was denied a transcript — only that trial counsel “apparently” waived the presence of a court reporter during trial.
Defendant’s appellate counsel did not attempt to create a record of the proceedings under Rule 10(d) A.R.A.P. providing for a statement of the evidence or proceedings when no report was made' or when the transcript is unavailable. Allegedly this was because the defendant simply did not remember what occurred and was unfamiliar with court proceedings, but this fact does not appear in the record. Defendant’s trial counsel was not contacted or called as a witness at the hearing of the motion for new trial because appellate counsel thought he would be hostile and uncooperative since appellate counsel had alleged trial counsel was incompetent. While there have been implications, there has been no showing that trial counsel would refuse to aid in the “preparation of a statement of the evidence or proceedings from the best available means source” pursuant to Rule 10(d) A.R.A.P. The aid of the trial judge or the district attorney was not sought by appellate counsel in an attempt to comply with Rule 10(d).
Under the present state of the record, we cannot declare that the defendant was denied his constitutional right to appeal and the effective assistance of counsel. On the other hand, we cannot presume the waiver of the right to a transcript on appeal from a silent record under the circumstances here present.
In this situation, we remand this cause to the Circuit Court of Lauderdale County with directions that counsel comply with Rule 10(d) or (e) A.R.A.P. If such compliance is impossible, or insufficient as determined by the trial judge, the reasons for such impossibility or insufficiency, with supporting evidence, shall appear on record.
*289 If the trial judge, in the exercise of her discretion, determines that compliance with Rules 10(d) or (e) is impossible or that the resulting record would be insufficient, then it is ordered that an evidentiary hearing be held to determine the circumstances surrounding the “apparent” waiver of the presence of the court reporter during the defendant’s trial and to determine the facts of the other issues presented in the defendant’s Motion for New Trial.
REMANDED WITH DIRECTIONS.
All Judges concur.
ON RETURN TO REMAND
BOWEN, Judge.
The record on return to remand establishes that the nineteen year old defendant and his father retained Attorney John R. Barnes to represent the defendant on the charge now on appeal. Mr. Barnes is an experienced trial attorney having both prosecuted and defended individuals in criminal trials in his thirty-one years of practice.
Attorney Barnes testified that “(a)fter a conference with Billy White, the father of Keith White (the defendant), in the presence of Keith White, I recommended that we not have a court reporter.”
“Q. Did you specifically ask them whether they wanted the court reporter waived?
“A. Yes, I did, and Mr. White said, ‘That’s up to you.’ ”
Barnes then told the trial judge that a court reporter would not be needed.
Mr. Barnes testified that he waived a court reporter because:
“I thought it best not to have a court reporter at this time. I though I could beat the State from what the Defendant, Keith White, and his father told me.”
Mr. Barnes also testified that what the defendant had told him about the case was not consistent with what the State’s case proved.
David Howard, the Assistant District Attorney who prosecuted the defendant, testified that the defendant gave three different stories as to how he came into possession of the stolen property: two different stories to two different individuals during the investigation of the crime and a third completely different story which the defendant told at trial.
Mr. Barnes testified that he talked with the defendant and his father about appealing the case:
“And I told them — we talked about appealing it and I advised him not to appeal it, that I thought that His Honor would be reasonable with his sentence. He just announced that he found him guilty and he set it later, I believe, in March sometime, and this conference was out in the room on the hearing for sentencing. And this fellow, Osborne, said, ‘If it was a son of mine, I’d appeal it.’ And I told him, I said, ‘You don’t know anything about it.’ But that’s, I believe, when he decided to get more learned counsel rather than me.”
The defendant’s father testified, in direct conflict to Mr. Barnes’ testimony, that Mr. Barnes never consulted with him about the necessity of a court reporter and that he never asked either his or the defendant’s permission to waive the presence of a court reporter. Mr. White stated:
“A. Well, I asked Mr. Barnes to appeal it if it was an unfavorable ruling and I just took it for granted that there would be a court reporter because if you don’t have — you can’t appeal it if you don’t have the proceedings of the hearing.
“Q. Did Mr. Barnes prior to the trial ever explain to you that you had a right to the presence of a court reporter?
“A. He didn’t explain nothing, no, of that sort.”
The defendant’s father stated that Mr. Barnes did talk with the defendant “on the outside of the courtroom” and that he did not know what that conversation was about but he asked the defendant about the court reporter and the defendant “never mentioned anything pertaining _ to that — court reporter.”
*290 The defendant did not testify and did not even attend the hearing. It was undisputed that the defendant was “looking for a job.”
The decision to waive the presence and services of a court reporter in the trial of a criminal case is a most serious decision which should only be made for a compelling reason. However, we are not willing to state, as a matter of law, that such a waiver, in and of itself, constitutes ineffective assistance of counsel. Generally see Anno. 2 A.L.R. 4th 27 (1980).
The evidence before this Court on the return to remand shows that the trial was not a farce or mockery of justice and that the defendant was not denied constitutionally effective assistance of counsel. McKinnis v. State, 392 So.2d 1266, 1267 (Ala.Cr.App.), cert. denied, 392 So.2d 1270 (Ala.1980); Bridges v. State, 391 So.2d 1086 (Ala.Cr.App. 1980).
No violation of the guaranty of due process results from the failure to provide a court reporter to preserve a record of testimony in the absence of a request therefore. Aldridge v. State, 278 Ala. 470, 179 So.2d 51 (1965); Commonwealth ex rel. Turk v. Ashe, 167 Pa.Super. 323, 74 A.2d 656, cert. denied, Turk v. Claudy, 340 U.S. 907, 71 S.Ct. 274, 95 L.Ed. 656 (1950); Jones v. State, 149 Tex.Cr.R. 594, 194 S.W.2d 766, cert. denied, 329 U.S. 783, 67 S.Ct. 203, 91 L.Ed. 672 (1946); Commonwealth ex rel. Jones v. Rundle, 204 Pa.Super. 316, 204 A.2d 487 (1964); Christopher v. District Court in and for Black Hawk County, 255 Iowa 694, 123 N.W.2d 892 (1963).
A similar issue to that presented here was addressed in State v. McFarland, 287 N.W.2d 162 (Iowa 1980).
“Appellant asserts that the unavailability of a transcript through no fault of his own automatically entitles him to a reversal. Only one of the cases he cites supports his assertion. In United States v. Atilus, 425 F.2d 816 (5th Cir. 1970), defense counsel had failed to perfect an appeal despite the defendant’s directions, and apparently the stenographic notes were destroyed; the court ruled that because ‘no transcript (was) available, the conviction must be reversed.’ No other cases cited by the appellant, including the one relied on by the Fifth Circuit Court of Appeals in Atilus, stand for that proposition. They all involve the right of an indigent to equal access to the appellate process; refusal by the government to provide indigents a sufficient transcript at public expense was the basis for those decisions. See Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967) (equal protection); Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) (construction of federal statute); Weaver v. Herrick, 258 Iowa 796, 140 N.W.2d 178 (1966) (equal protection). What that line of cases requires is only ‘(a) “record of sufficient completeness” to permit proper consideration of (indigents’) claims ... (so as to) ensure . . . (them) a right to review of their convictions as adequate and effective as that which (is) guarantee(d) to nonindi-gents.’ Draper v. Washington, 372 U.S. 487, 499, 83 S.Ct. 774, 781, 9 L.Ed.2d 899, 907 (1963). This does not always require a complete transcript.
“Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant’s contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge’s minutes taken during trial or on the court reporter’s untranscribed notes, or a bystander’s bill of exceptions might all be adequate substitutes, equally as good as a transcript.
“Ibid, at 495, 83 S.Ct. at 779, 9 L.Ed.2d at 905.
“To adopt appellant’s argument would have the effect of a presumption that error occurred at trial and would place the burden upon the State to disprove it. However, there is a presumption of regularity in trial proceedings. State v. McKee, 223 N.W.2d 204, 206 (Iowa 1974). We have never before been confronted *291 with a situation where there was a total lack of a transcript. However, where a defendant asserted that an error occurred during unreported portions of the proceedings, we have held that the bill of exceptions was an adequate substitute for a transcript. Ibid.; State v. Whitfield, 212 N.W.2d 402, 407 (Iowa 1973). In Whitfield we ruled that it was not error for a trial judge to refuse to allow closing arguments to be reported because of the adequacy of this alternative to provide a record for appeal. Ibid.
“The trial of this case was brief. The State’s ease consisted only of the testimony of the prosecuting witness and one corroborative witness. The defendant presented no evidence. The argument that the alternative record is inadequate is grounded on the fact that it reflects the recollection of defense counsel recorded quite some time after trial. There is some indication that it was apparent very early after trial that the reporter’s notes might never be transcribed. If so, it was incumbent on defense counsel to act with dispatch in creating a record. A delay which could have been avoided provides a weak basis upon which to claim it is impossible to compile an adequate alternative record. We do not, however, base our determination on the ramifications of counsel’s failure to act more expeditiously in developing the alternative record. Rather, our determination is based on the total absence of a showing that the record is inadequate. Appellate counsel argued that it is difficult for any attorney to remember all of the objections he made at trial. However, there has been no attempt to show by testimony of the defense counsel that he made objections which he cannot recall or that he considers his summary, albeit short, in any way incomplete.
“The absence of a transcript did not deprive the defendant of a full and fair appellate review. Thus, its absence did not violate due process.”
McFarland, 287 N.W.2d at 163-164.
The remedy provided by the Alabama Rules of Appellate Procedure requiring a criminal defendant to employ a substitute for an unavailable transcript does not deny due process of law. Ruetz v. State, 268 Ind. 42, 373 N.E.2d 152 (1978).
“Relatively few courts appear to have considered whether requiring a criminal defendant to employ a substitute for an unavailable transcript denies due process. The Kansas Supreme Court has concluded that requiring a defendant to attempt reconstruction of a lost portion of a trial record did not deny the defendant ‘meaningful appellate review.’ State v. Jefferson (1969), 204 Kan. 50, 460 P.2d 610. The Florida Court of Appeals and the Illinois Court of Appeals have both held that substitution of certified or agreed statements of evidence do not deny criminal defendants due process. Griffin v. State (Fla.App.1975), 314 So.2d 243; People v. Hanson (1977), 44 Ill.App.3d 977, 3 Ill.Dec. 778, 359 N.E.2d 188.
“We are unable to find any denial of due process in requiring appellant to submit a statement of the evidence pursuant to Rule 7.2,[1] under the facts of this case.”
*292 Ruetz, 373 N.E.2d at 154-155.
The defendant has not convinced this Court that the absence of a court reporter at his trial deprived him of a full and fair appellate review. Undoubtedly that absence made review more difficult and inconvenient, however the defendant has not shown that the substitute for an unavailable transcript provided by the Alabama Rules of Appellate Procedure is inadequate in this particular case. While our order on remand was not fully complied with, the defendant’s “statement of evidence” pursuant to ARAP 10(d) does not reveal any error which would require a reversal of the judgment of the Circuit Court. We further note that the defendant has not fully complied with Rule 10(d) in that there is no indication that this statement was ever approved by the trial judge.
In conclusion, the defendant seeks a reversal of his conviction because he has been denied a record of his trial. Yet, as we noted in our original opinion, the defendant does not contend that he was denied a fair trial (other than ineffective assistance of counsel with regard to the preparation of a transcript), that any errors were committed during the course of the trial, or that the State’s evidence at trial was insufficient to support the verdict. All this is compounded by the fact that the defendant was not even present at the hearing .on remand of his appeal to the Circuit Court.
Under these circumstances, we feel justified in affirming the judgment of the Circuit Court.
OPINION EXTENDED;
AFFIRMED.
All Judges concur.

. Ind.R.App. p. 7.2(A)(3)(c) provides:
"Statement of the evidence or proceedings when no report was made or when the transcript is unavailable. If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record.
“If statements or conduct of the trial judge are in controversy the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. If he refuses to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court.”